**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ESSEX INSURANCE COMPANY,**

          **Plaintiff,**

-vs-                                            **Case No. 6:11-cv-515-Orl-19KRS**

**JAMIE D. MOORE, JOHN JOHN PRODUCTIONS, INC., HARROLD PRODUCTIONS, INC., T.L. MORT, INC., FISHBACK-CONCORD CORPORATION,**

          **Defendants.**

## ORDER

This case comes before the Court on the Motion for Judgment by Default Against Defendant Fishback-Concord Corporation by Plaintiff Essex Insurance Company. (Doc. No. 31, filed July 22, 2011.)

### Background

In the instant case, Plaintiff Essex Insurance Company ("Essex") seeks a declaratory judgment against all named Defendants that it has no duty to cover any losses arising out of the alleged shooting of Jamie D. Moore at The Club at Firestone ("Firestone"), an Orlando night club, on April 9, 2007, and no duty to defend a lawsuit brought in state court[1] by Moore for his resulting injuries. (Doc. No. 1 ¶¶ 1, 18.) As grounds for declaratory relief, Essex maintains that the insurance policy ("Policy") issued to Firestone in effect when Moore was allegedly shot excluded coverage for losses caused by assault or battery. (*Id.* ¶¶ 11, 14-15, 53.)

---

[1] Moore has filed a lawsuit in state court ("Underlying Suit") against John Jay Productions, Inc. ("John Jay"), Harrold Productions, Inc. ("Harrold"), T.L. Mort, Inc. ("Mort"), and Fishback-Concord Corporation ("Fishback"). (Doc. No. 1 ¶¶ 16-17.)

On June 7, 2011, Fishback was served with process in the instant case. (Doc. No. 28-1 at 1.) The Clerk of Court entered default against Fishback on July 22, 2011. (Doc. No. 30.) Essex now moves for a default judgment against Fishback declaring that the Policy does not cover Fishback for any damages in the Underlying Suit and awarding costs to Essex. (Doc. No. 31.)

**Analysis**

"When a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until [resolution] of the action on the merits against the remaining defendants." *Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327, 330 (W.D. Mich. 2000) (quoting *Exquisite Form Ind., Inc. v. Exquisite Fabrics of London*, 378 F. Supp. 403, 416 (S.D.N.Y. 1974)). This rule is commonly applied where, as here, an insurer seeks a declaratory judgment that an insurance policy does not trigger a duty to defend or indemnify both the defaulting defendant and the other named defendants who may appear and contest the insurer's allegations. *E.g.*, *Allstate Prop. and Cas. Ins. Co. v. Salazar-Castro*, No. 08-2110-CM, 2009 WL 196150, at *1 (D.Kan. Jan. 23, 2009); *Safeco Ins. Co. of Am. v. Stephenson*, No. 06-4294-CV-C-NKL, 2007 WL 2026389, at *1 (W.D. Mo. July 9, 2007); *Nautilus Ins. Co. v. I.L.S. Gen. Contractors, Inc.*, 369 F. Supp. 2d 906, 909 (E.D. Mich. 2005); *State Farm Mut. Auto. Ins. Co. v. Jackson*, 736 F. Supp. 958, 961-62 (S.D. Ind. 1990). In such cases, it is appropriate to deny the motion for default judgment without prejudice to reassertion at the conclusion of the proceedings against the remaining defendants. *E.g.*, *Global Aerospace, Inc. v. Platinum Jet Mgmt., LLC*, No. 09-60756-CIV, 2009 WL 3400519, at **5-6 (S.D. Fla. Oct. 20, 2009); *Salazar-Castro*, 2009 WL 196150, at *1.

**Conclusion**

Based on the foregoing, it is **ORDERED and ADJUDGED** that ruling on the Motion for Judgment by Default Against Defendant Fishback-Concord Corporation by Plaintiff Essex Insurance Company. (Doc. No. 31) is **DENIED without prejudice** to its reassertion at the conclusion of the case.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on July 28, 2011.

*[signature]*

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party